## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

DUSTIN GRAMPS, individually and
on behalf of all others similarly
situated,
PRL

              Plaintiff,

v.
Lammens

CZAR MARKETING GROUP, LLC,
VACATION RESORTS
CONSULTANTS, LLC d/b/a ANY 3
NIGHTS, AND SPINNAKER
RESORTS,
INC.,

              Defendants.

Case No.: 5:25-CV-00373- CEM-

Judge Carlos E. Mendoza

Magistrate Judge Philip R.

---

## DEFENDANTS' CZAR MARKETING, LLC, VACATION RESORTS CONSULTANTS, LLC, AND SPINNAKER RESORTS, INC. MOTION FOR SUMMARY JUDGMENT
## AND
## SUPPORTING MEMORANDUM OF LAW

Defendants Czar Marketing, LLC, Vacation Resorts Consultants, LLC, and Spinnaker Resorts, Inc. (collectively Defendants) respectfully move this Court for summary judgment as to all Counts of Plaintiff Dustin Gramps's Class Action Complaint for the foregoing reasons: (i) the undisputed evidence demonstrates the telephone number at issue is a business line rather than a residential line; (ii) the challenged conduct involves at most a single call within

1

the Do Not Call grace period; (iii) the call in question was manually dialed; and (iv) Defendant Czar Marketing, LLC maintains DNC-scrubbing procedures fully availing of the safe harbor defense. Additionally, Defendant Spinnaker does not place telemarketing calls on behalf of any Defendant and cannot be directly liable; it does not control or direct any manner or means associated with any calling by the other Defendants. As such, judgment as a matter of law is warranted here.  A Memorandum in Support follows.

Dated: May 5, 2026

Respectfully submitted,

**COZEN O'CONNOR**

*/s/Ashley Gomez-Rodon____*
Ashley Gomez Rodon
(FBN 1010237)
Agomez-rodon@cozen.com
Southeast Financial Center
200 South Biscayne Blvd.,
Suite 3000
Miami, Florida 33131
Tel: (305) 358-2966
Fax: (305) 704-5955

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on May 5, 2026, true and accurate copies of the foregoing is being filed with the Court's ECF/CM which will send electronic notice to all attorneys of record and to the following parties via the following methods:

**VIA CM/ECF:**

Christopher Gold, Esq.
Gold Law, PA
350 Lincoln Rd., 2nd Floor
Miami Beach, FL 33139 305-900-4653
Email: chris@chrisgoldlaw.com
*Attorney for Plaintiff and
the Proposed Class*

**VIA REGULAR MAIL:**

Czar Marketing Group LLC
c/o Registered Agent: Spiegel & Utrera P.A.
2545 Chandler A venue, Suite 4
Las Vegas, NV 98120

**VIA REGULAR MAIL:**

Vacation Resorts Consultants LLC d/b/ a Any 3 Nights
c/o Registered Agent: Spiegel & Utrera P.A.
2545 Chandler A venue, Suite 4
Las Vegas, NV 98120

Signed:

*/s/ Ashley Gomez-Rodon*
Ashley Gomez Rodon
(FBN 1010237)
*Attorney for Defendants*

3

**MEMORANDUM IN SUPPORT**

## I.     INTRODUCTION

Defendants submit this memorandum in support of their motion for summary judgment. The undisputed evidence here shows the telephone number at issue is maintained on a Verizon Business account with business-specific features—it was not a residential phone number; Plaintiff received only a *single manually dialed call from Defendants* within thirty days of his Do Not Call registration; and Defendants maintain proper compliance procedures. For these reasons, summary judgment in Defendants' favor is warranted.

## II.     PROCEDURAL HISTORY AND FACTS

Plaintiff Dustin Gramps (Plaintiff) filed a putative class action Complaint against Defendants Czar Marketing Group, LLC, Vacation Resorts Consultants, LLC, and Spinnaker Resorts, Inc. on June 12, 2025. (ECF No. 1) Subsequently, Plaintiff filed a First Amended Class Action Complaint (FAC). (ECF No. 31) Defendants responded to the FAC and since then, the Parties have exchanged documents and produced discovery responses that demonstrate that Plaintiff's claims are not cognizable under the applicable law.

Plaintiff's FAC alleges he is a natural person and resident of Florida. (ECF No. 31, p. 4 at ¶ 8) Plaintiff is the subscriber and primary user of a

cellular telephone number ending in "0808."   (ECF No. 31, p. 9 at ¶ 25). Plaintiff's cellular telephone number ending in "0808" is maintained on a Verizon Business account with business-specific features; the phone number is not a residential number. (Verizon telephone records, attached as Exhibit 1, pp. 1-417) Plaintiff registered the "0808" phone number on the do not call registry on August 14, 2024. (NDC registry records, attached as Exhibit 2, p. 1) *Less than thirty days later,* on September 9, 2024, Defendants made one call to Plaintiff. (Call records, attached as Exhibit 3, p. 1) This outbound call was a manual dial and lasted a mere six seconds. *Id.* Plaintiff's "0808" phone number is not on the Florida Do Not Call List. (Florida DNC records, attached as Exhibit 4, p. 1) No automated system (ATDS) was used to make this one call to Plaintiff. In fact, none of the Defendants' business practices involve any sort of ATDS. (Declaration of Jodi Kovalsky, attached as Exhibit 5, p. 2 at ¶ 10)

Defendants made one call to Plaintiff. Mere seconds after the one outbound call was disconnected, *Plaintiff placed* two inbound calls to Defendant. (Exhibit 3, p. 1). Plaintiff made an internal do not call request on the second inbound call; Plaintiff did not make the request on the outbound call or the first inbound call. (*Id.*) While Plaintiff placed his "0808" phone number on the National Do Not Call Registry on August 14, 2014, Plaintiff's phone number is not on the Florida Do Not Call List. (Exhibit 3, p. 1; Exhibit 4, p. 1)

## III.  STANDARD OF REVIEW

Summary judgment is appropriate when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  If a movant demonstrates the absence of a genuine issue of material fact, the nonmovant must set forth specific facts showing a genuine issue for trial.  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## IV.  ARGUMENT

Under Rule 56(a) of the Federal Rules of Civil Procedure, a party may move for summary judgment on a claim or part of a claim.  FED. R. CIV. P. 56(a).  Here, Defendants jointly move for summary judgment on all Counts included in Plaintiff's FAC.  Plaintiff's causes of action in the FAC are based on the central allegations that Defendants made numerous calls to Plaintiff while his "0808" residential phone number was on applicable do not call lists, all while using an ATDS. Such is not true; in fact, Defendants are able to demonstrate that there is no genuine dispute as to any material fact, and they are entitled to judgment as a matter of law. Defendants request this court

6

dismiss Plaintiff's claims with prejudice. No amount of discovery produced by Plaintiff will enable him to offer evidence to support any other ruling.

### a. The undisputed facts demonstrate that Defendants did not use an automated system to call plaintiff.

Plaintiff's second claim is brought under the Florida Telephone Solicitation Act (FTSA), Fla. Stat. § 501.059(8)(a), which makes it unlawful for a person to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." (Fla. Stat. § 501.059(8)(a)) Neither the FTSA nor this Court has specifically defined "automatic dialing system" in the context of placing phone calls; however, this Court addressed a similar issue in its definition of automated telephone dialing systems in the context of the Telephone Consumer Protection Act ("TCPA"), 47 USC § 227. In *Glasser v. Hilton Grand Vacations Co. LLC*, the plaintiff alleged that the defendant called her and others of her class using an automated telephone dialing system ("ATDS"). 341 F. Supp. 3d 1305, 1307 (M.D. Fla. 2018). The defendant submitted sworn affidavits from internal personnel and the vendor of their phone software explaining that it had called the plaintiff by *manually clicking a dial button* to initiate a call to plaintiff. The defendant testified that the phone software could

not dial, queue and initiate calls without human intervention for each individual call. In response, the plaintiff could only offer speculative arguments that the plaintiff's computer could theoretically be used as an auto dialer if the computer had additional software to automatically engage in predictive dialing. (*See Id.*) However, the record contained no evidence that this was true for the phone used by the agent that called the plaintiff. Accordingly, the court granted the defendant's motion for summary judgment and dismissed plaintiff's related claims. (*See Id.*)

While 501.059(8)(a) does not define an automated dialing system, the court in *Glasser* focused on the fact that the call was placed manually using human intervention, which would frustrate the FTSA's use of "automatic" in the same way this court held that it fell outside the TCPA's definition of an automated telephone dialing system.

Analogously, Defendants did not use an ATDS to make any calls to Plaintiff or any current or prospective customers in between August 19, 2024 and September 16, 2024. (Shawn Oliver Declaration, attached as Exhibit 6, p. 1 at ¶ 3; Kovalsky Dec. 3 at ¶ 12, 13). In fact, Defendants made an affirmative decision to forgo the use of ATDS technology. (Kovalsky Dec., p. 2 at ¶11) All of Defendant's calls require human intervention—there is simply no way that Defendants could have used an ATDS to automatically select or dial numbers without human intervention. (*Id.*) Defendants did not use an ATDS to call Mr.

8

Gramps or any other current or prospective customers for telemarketing purposes. (Oliver Dec., p 1 at ¶ 3; Kovalsky Dec., p. 3 at ¶11)

The undisputed facts here confirm that Defendant (or an employee) manually punched Plaintiff's telephone number into the telephone to make the call the Plaintiff complains of. Defendants' telephone system has no capability of connecting to or acting as an automated system. In sum, Defendants did not call (and could not have called) Plaintiff using an automated system. Based on these facts, summary judgment is warranted on Plaintiff's second cause of action.

**b. Defendants did not place any calls to Plaintiff after he communicated to them that he did not wish to receive outbound calls, texts, or messages.**

It is a violation of the FTSA for a "telephone solicitor or other person" to "initiate an outbound telephone call, text message, or voicemail transmission to a consumer…who has previously communicated to the telephone solicitor or other  person that he or she does not wish to receive an outbound telephone call, text  message, or voicemail transmission…made by or on behalf of the seller whose goods or services are being offered[.]" Fla. Stat. § 501.059(5). Plaintiff alleges "Plaintiff and the Class members communicated to Defendants that they do not wish to receive outbound telephone solicitations made by or on behalf of Defendant.

9

The undisputed evidence shows that Plaintiff was called one time—on September 9, 2024. (Exhibit 3, p. 1) The call was merely six seconds long, and Plaintiff did not make any sort of request on that call. (*Id.*) Subsequently, Plaintiff made two inbound calls. (*Id.*) It was on those calls where Plaintiff made a request to not receive further calls. (*Id.*) No other calls were placed to Plaintiff after the 9/9/2024 11:41:52 AM call, which is when the "0808" number was dispositioned as "do not call". (*See Id.*) Based on the plain language of the statute and the record, which cannot be disputed, Plaintiff's FTSA fails as a matter of law.

To further support Defendants' argument, the FTSA states, "[i]f any residential, mobile, or telephonic paging device telephone subscriber notifies the department of his or her desire to be placed on a "no sales solicitation calls" listing indicating that the subscriber does not wish to receive unsolicited telephonic sales calls, the department shall place the subscriber on that listing." (Fla. Stat. § 501.059(3)(a)) Defendants counsel conducted a search on 4/10/26 to determine when Plaintiff made such request. Plaintiff's "0808" number is not on the list. (Kovalsky Dec., p. 3 at ¶17; Exhibit 3, p. 1)

### c. Defendants maintain proper compliance procedures to ensure do-not-call requests are honored.

Plaintiff brings his first cause of action under 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d). In the FAC, Plaintiff quotes this Section and states, "[n]o

person or entity shall initiate…any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d). Oddly, when Plaintiff summarized the statutory requirement, he neglected to include the fact that this code section applies only to artificially and prerecorded-voice telephone technology. In full, the statute states, "[n]o person or entity shall initiate any **artificial or prerecorded-voice telephone call** pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity." (*Id.*) Plaintiff's argument is flawed because as explained above, no Defendant used an artificial or prerecorded-voice telephone technology.

Assuming *arguendo* that Defendants did use artificial or pre-recorded voice technology, the code section that Plaintiff relies on for his first cause of action also requires a "residential telephone subscriber". Plaintiff alleges the "0808" number is a "residential" cellular line used as a personal home phone and not associated with any business, but those allegations are conclusory and false. (FAC, pp. 9-10 at ¶ 25-28). Plaintiff relies on a presumption that is

rebuttable by contrary evidence showing business registration and business-use features. (47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. §64.1200(a)(1)(iii)). The record clearly indicates that the "0808" phone number is registered as a business line. (Exhibit 1, pp. 1-417) The invoices and account materials consistently reflect Verizon's business branding, identify the customer as a business entity (PRIDE SOLUTIONS LLC), reference business-only account portals, list business-specific plans and features, and use business-form billing structures, surcharges, and remittance details. (*Id.*) Among others, the following excerpts support Defendants argument that this was a business number rather than a residential line.



**Summary for Dustin Gramps: 352–205–9860**

**Your Plan**

**Business Unlimited Smartphone**
$45.00 monthly charge
Unlimited monthly minutes

**Monthly Charges**
Business Unlimited Smartphone
Plan Rate Adjustment

As outlined above, Plaintiff's first cause of action fails because (1) no ATDS was used, and (2) the "0808" number was not a residential line. Further, the one call to Plaintiff was made within thirty days of adding his business number to the Federal Do Not Call List. Plaintiff added the "0808" number to the Federal list on August 14, 2024. Plaintiff's *own allegations* hinge on calls clustered around August 19 and September 16, 2024. Only one call occurred on September 9, 2024. (Exhibit 3, p. 1) This call was made *only* twenty-six days after Plaintiff made his request. This does not fall outside of the thirty day "grace period" prescribed in the TCPA (*see* 47 C.F.R. § 64.1200; FAC ¶34, 77)

From: Verify@DonotCall.gov <Verify@DonotCall.gov>
Sent: Thursday, April 9, 2026 1:11 PM
To: Lisa Messner <lmessner@mslawgroup.com>
Subject: National Do Not Call Registry - Your Registration Is Confirmed

[CAUTION: External Email]

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 0808 on August 14, 2024. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

Finally, even though Plaintiff's first claim is contingent of whether Defendants used an ATDS—which they didn't— Defendant Czar does maintain policies and procedures that also bar his first claim. (Policies and Procedures, attached as Exhibit 7, pp. 1-2) The TCPA requires written policies,

13

training, prompt recording, and five-year maintenance of internal DNC requests, and it measures compliance by "minimum standards." (47 C.F.R. § 64.1200(d)) Plaintiff speculates Defendants lack such procedures because he allegedly received further calls after asking to not be called, but that is an inference rather than fact. (FAC, p. 11 at ¶36-38; p. 23 at ¶78-80) Plaintiff himself even concedes Defendants maintain records of interactions and outbound and inbound transmission reports, which are consistent with structured compliance systems and scrubbing protocols. Specifically, Plaintiff pleads, "Defendants maintain records of . . . interactions." (FAC, p. 11 at ¶37) Further, in Paragraph 58 of the FAC, Plaintiff states "Defendants maintain and/or have access to outbound and inbound transmission reports for all telephone solicitations sent for the purpose of encouraging or promoting the sale of its goods and services, which show the dates, times, target telephone numbers, and content of each telephone solicitation made to Plaintiff and the Class members" (FAC, p. 15 at ¶58) Further, Defendants provided copies of said compliance policies and procedures to Plaintiff as part of the discovery process. (Exhibit 7, pp. 1-2)

## V.    CONCLUSION

Mr. Gramps filed his complaint on the erroneous assumptions that Defendants called him more than once using an automatic telephone dialing system. Defendants made one outbound call to Plaintiff less than thirty days

14

after he added is "0808" phone number to the national registry. The undisputed facts prove this to be untrue. Because Plaintiff cannot make a sufficient showing of essential elements of his claims on which he bears the burden of proof, Defendants are entitled to summary judgment on all of Plaintiff's claims.

Dated: May 5, 2026

Respectfully submitted,

**COZEN O'CONNOR**

*/s/ Ashley Gomez-Rodon*
Ashley Gomez Rodon
(FBN 1010237)
Agomez-rodon@cozen.com
Southeast Financial Center
200 South Biscayne Blvd.,
Suite 3000
Miami, Florida 33131
Tel: (305) 358-2966
Fax: (305) 704-5955

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 5, 2026, true and accurate copies of the foregoing is being filed with the Court's ECF/CM which will send electronic notice to all attorneys of record and to the following parties via the following methods:

**VIACM/ECF:**
Christopher Gold, Esq.
Gold Law, PA

350 Lincoln Rd., 2nd Floor
Miami Beach, FL 33139 305-900-4653
Email: chris@chrisgoldlaw.com

*Attorney for Plaintiff and*
*the Proposed Class*

**VIA REGULAR MAIL:**
Czar Marketing Group LLC
c/o Registered Agent: Spiegel & Utrera P.A.
2545 Chandler A venue, Suite 4
Las Vegas, NV 98120

**VIA REGULAR MAIL:**
Vacation Resorts Consultants LLC d/b/ a Any 3 Nights
c/o Registered Agent: Spiegel & Utrera P.A.
2545 Chandler A venue, Suite 4
Las Vegas, NV 98120

Signed:

*/s/ Ashley Gomez-Rodon*
Ashley Gomez Rodon
(FBN 1010237)
*Attorney for Defendants*

16