**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**DUSTIN GRAMPS, individually and on behalf of all others similarly situated**,

      **Plaintiff,**

    **v.**                     **Case No.:  5:25-cv-00373-CEM-PRL**

**CZAR MARKETING GROUP LLC, et al.**,

      **Defendants,**

_____/

**ORDER**

Plaintiff Dustin Gramps filed a putative class action complaint against Defendants Czar Marketing Group, LLC, Vacation Resorts Consultatnts, LLC, and Spinnaker Resorts, Inc. alleging violations of the Telephone Consumer Protection Act ("TCPA) and the Florida Telephone Solicitation Act ("FTSA"). (Doc. 1). At issue here, is Plaintiff's motion to compel Defendants to serve complete responses to his First Set of Interrogatories and First Requests for Production which were promulgated on October 13, 2025. (Doc. 45). Defendants have filed a response in opposition. (Doc. 46).

As an initial matter, Defendants argue that Plaintiff's motion should be stricken based on counsel's misrepresentations in the Rule 3.01(g) certification. "The importance of Local Rule 3.01(g) 'cannot be overstated.' " *Craig v. Target Corp.*, No. 2:23-cv-599-JLB-KCD, 2023 WL 11257275, at *1 (M.D. Fla. Dec. 4, 2023) (citation omitted); *see also* Middle District Discovery (Feb. 1, 2021) at Section I.A.2 (noting that Local Rule 3.01(g) is "strictly enforced"). Local Rule 3.01(g) "is designed to foster communication between the parties and

help resolve certain disputes without court intervention." *Craig,* 2023 WL 11257275, at *1 (citations and internal quotation marks omitted).  The rule has been construed to mean to "speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-cv-651-ORL-22A, 2000 WL 1658575, at *2 n.1 (M.D. Fla. Aug. 14, 2000). Federal Rule of Civil Procedure 37 includes a similar conferral requirement. *See* Fed. R. Civ. P. 37(a)(1) (stating that a motion for an order compelling discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"). Indeed, these rules are intended to prevent the involvement of the Court in matters that can be easily resolved by the parties.

Here, Plaintiff included a "Local Rule 3.01(g) Certificate," stating:

Pursuant to Local Rule 3.01(g), the undersigned certifies that Plaintiff's counsel has conferred in good faith with Defendants' counsel concerning the relief requested in this Motion. Plaintiff's counsel conducted a substantive telephonic conferral with Defendants' lead counsel Defense counsel on December 22, 2025, addressing each of the disputed Interrogatories and Requests for Production. Following that conferral, and after Defendants failed for more than four months to supplement as repeatedly promised, Plaintiff's counsel served a formal April 21, 2026, Deficiency Notice expressly requesting either production within five business days or a further Local Rule 3.01(g) conferral. On May 5, 2026—the same day Defendants filed their summary judgment motion—counsel for Defendants sent Plaintiff's counsel her written refusal: "At this time, my clients are not in agreement to provide a discovery supplement with the breadth at which you request." Then on May 28, 2026, Defendants' counsel confirmed that they would not be producing any of the discovery at issue. Defendants oppose the relief sought in this Motion.

(Doc. 45 at 21).

Defendants contend that this Certificate misrepresents the communications between the parties. After reviewing the papers, the Court is troubled by the different versions of events set forth by counsel and the lack of any documentation to support counsel's respective

positions. There is no dispute that Defendants served responses on December 1, 2025. Plaintiff claims that on December 2, 2025, Defendants' counsel confirmed in writing that Defendants would supplement. This written confirmation was not provided to the Court. Counsel agrees that they conducted a substantive Local Rule 3.01(g) telephonic meet and confer on December 22, 2025, regarding the discovery requests. Plaintiff claims that defense counsel represented that Defendant would supplement "shortly." Defense counsel clarifies that she stated that she would confer with her clients regarding some of the requests, otherwise objected to production, and made no express representation about what additional information would be supplemented or provided.

Plaintiff claims that what followed "was an unbroken chronology of further written promises" of supplementation on January 16, January 19, February 24, February 26, February 27, and March 10, 2026, none of which materialized. (Doc. 45 at 6). None of these alleged "written promises" were filed with the Court. In contrast, defense counsel characterizes this time as a period of cooperative settlement negotiations, culminating in the unsuccessful mediation on May 28, 2026. (Doc. 46 at 7).

On April 21, 2026, Plaintiff's counsel sent defense counsel the formal Deficiency Notice Regarding Defendants' December 1, 2025, Discovery Responses (the "Deficiency Letter"). This letter is not filed with the Court. According to Plaintiff, on May 5, 2026 (the same day Defendants filed their motion for summary judgment), defense counsel sent an email to Plaintiff's counsel stating, "At this time, my clients are not in agreement to provide a discovery supplement with the breadth at which you request." Defense counsel claims that Plaintiff's omitted a second sentence from her email which stated: "If you wish to plan a

follow up meet and confer since we have not been able to discuss this meaningfully, I am happy to do so." Again, this email has not been submitted to the Court.

Plaintiff then claims that defense counsel confirmed on May 28, 2026, that Defendants would not be producing any of the discovery at issue. Defense counsel disagrees and states that while the parties' counsel did confer via email on May 28, 2026 to discuss that impasse had been reached during mediation, all other communications were about case management in an entirely unrelated case and contained a subject line referring to the unrelated case. Neither party submitted this email for the Court's review. Plaintiff's counsel further states, that the last communication she had with Plaintiff's counsel regarding discovery in this case was on May 5, 2026.

Given the disagreement between counsel about their communications regarding the discovery requests, and the failure of the parties to submit any supporting documentation, the Court is inclined to deny Plaintiff's motion without prejudice because it cannot determine whether Plaintiff's counsel conferred with defense counsel in a good faith effort to resolve the motion as required by Local Rule 3.01(g). Moreover, according to defense counsel, she is willing to have a meaningful discussion with Plaintiff's counsel about these outstanding discovery requests.

If Plaintiff wishes to renew the motion, Plaintiff may do so only after satisfying both the letter and spirit of Local Rule 3.01(g), and any renewed motion must contain a proper Local Rule 3.01(g) certification with the necessary requirements and information. Prior to renewing the motion, the parties should make every effort to confer in good faith, either in person or via telephone, and meaningfully discuss every discovery request that remains in dispute in efforts to reach a resolution.

DONE and ORDERED in Ocala, Florida on June 25, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party