**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| DUSTIN GRAMPS, individually and on Behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CZAR MARKETING GROUP, LLC, VACATION RESORTS CONSULTANTS, LLC d/b/a ANY 3 NIGHTS, AND SPINNAKER RESORTS, INC.,<br><br>Defendants. | Case No.: 5:25-CV-00373-CEM-PRL<br><br>Judge Carlos E. Mendoza<br><br>Magistrate Judge Philip R. Lammens |

**DEFENDANT CZAR MARKETING GROUP LLC'S AND COUNSEL'S RESPONSE TO ECF NO. 65 ORDER TO SHOW CAUSE**

Defendant Czar Marketing Group, LLC ("Czar") and its counsel respond to this Court's Order to Show Cause (ECF No. 65) and state the following:

## INTRODUCTION

Czar and its counsel (both outside and the undersigned) begin with an apology to this Court, its staff, Plaintiff, and Plaintiff's counsel for the confusion about the July 2026 document. Czar will not dispute an award of Plaintiff's reasonable expenses and fees incurred related to this July 2026 document in order to obviate the need for the Court to engage in Motion practice and to refocus this litigation on the merits, including whether the Court has subject matter jurisdiction.

Moreover, Czar respectfully requests that no other sanctions be imposed. The July 2026 document resulted from a Czar employee's compilation of requested information. This search was in response to Plaintiff's counsel's request for settlement purposes and was not provided in the context of a formal verified discovery response. The July 2026 document was instead provided quickly as the parties discussed settlement.

After Plaintiff's counsel raised concerns related to the document's authenticity, Czar immediately attempted to re-run the search of call records. A similar search of data reveals the same information regarding the total number of calls Czar made to Plaintiff's 0808 phone number, which was one call during the 30-day safe harbor following Plaintiff's placement on the do not call list. More importantly, a search dating back through the four-year statutory period would be irrelevant to Plaintiff's federal claims because Plaintiff's number was not on the federal Do Not Call List during this four-year time period. Because Czar's actions regarding the July 2026 document were not deliberate, were in furtherance of cooperation and settlement discussions, no further sanctions are warranted against Czar.

Czar's outside counsel also respectfully requests that no other sanctions be imposed. Outside counsel requested Czar to run a search to potentially settle the case as a result of the search. Upon receiving the search results, Czar's outside counsel promptly forwarded the document to Plaintiff's counsel in an informal manner, and not in the context of a verified discovery response. Czar's outside

counsel did not create, manipulate, or otherwise alter the July 2026 document. Czar's outside counsel will provide these email transmissions to be submitted to the Court for an *in camera* inspection upon request.

Finally, the undersigned (Czar's attorney of record) also respectfully requests that no other sanctions be imposed. The undersigned acted diligently and in good faith at every stage of this matter. The undersigned did not create, alter, use, or rely upon the July 2026 document, and never saw the document until it was produced by Czar's outside counsel. The July 2026 document played no role in Defendants' summary judgment motion, which had been filed months earlier. Upon learning the concerns of the July 2026 document, the undersigned promptly investigated its origin, directed that a new search be conducted, and personally oversaw a new search to ensure compliance with authentication requirements under the Federal Rules. These actions demonstrate diligence, transparency, and a good-faith effort to address these issues, rather than conduct warranting sanctions.

## ARGUMENT

### I. Legal Standard.

"Courts have the inherent power to police those appearing before them." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017). "A court's inherent power is 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* "This power 'must be exercised

with restraint and discretion' and used to 'fashion an appropriate sanction for conduct which abuses the judicial process.'" *Id.* "The key to unlocking a court's inherent power is a finding of bad faith." *Id. See also Bray & Gillespie Management LLC v. Lexington Insurance Company*, 2009 WL 5606058, at *2 (M.D. Fla. Nov. 16, 2009) (finding that only clear showings of bad faith or violation of express orders of the Court warrant a sanction which impugns the character of counsel and imposes significant financial penalties).

**II. Defendant Czar Marketing Group, LLC Agrees to Pay Plaintiff's Reasonable Expenses and Fees Incurred Related to Challenging the July 2026 Document In Order to Properly Refocus on the Merits of the Case.**

Czar understands that the confusion of the July 2026 document does not rest on Plaintiff, lacks overall relevance to the case but agrees to pay Plaintiff's reasonable expenses and fees incurred related to challenging this document and obtaining sufficient CRM search records. This document was never presented as a verified discovery response and was never intended to waste Plaintiff's counsel's time and expense as Czar believed the prompt and informal production of this search could result in an informal resolution of the case. Indeed, search results were provided before the litigation ever commenced for the same purpose. Czar understands the confusion here and does not wish to further expend this Court's judicial resources, and thus will not dispute paying Plaintiff's counsel's reasonable attorney's fees and expenses related to the July 2026 production.

**III. No Other Sanctions Should Be Imposed.**

***A. Sanctions are not warranted against Czar.***

Sanctions should not be imposed on Czar because Czar's actions following the July 2026 document were not in bad faith; instead they were provided as part of settlement discussions and to further resolution of the case. Upon realizing the authenticity of the July 2026 document may be in question, Czar immediately began its efforts to re-create the same search, and are prepared to provide that to Plaintiff in accordance with the Court's Order.

Czar never filed, relied upon, or intended to use the July 2026 document. The July 2026 document was produced primarily in an effort to further settlement. The July 2026 document resulted from a Czar employee's inauthentic manner of compiling the requested information. Upon this realization, Czar did not waste the Court's time trying to argue for its authentication. Rather, upon learning of Plaintiff's concerns with the document, Czar and its counsel diligently worked towards providing CRM production that would meet the standards of authentication, and will continue to do so in good faith.

***B. Sanctions are not warranted against Czar's outside counsel.***

Sanctions should also not be imposed against Czar's outside counsel, Lisa Messner, as she did not engage in any bad-faith conduct. Czar's outside counsel did not create, manipulate, or otherwise alter the July 2026 document upon receipt from Czar's employee. Instead, Czar's outside counsel forwarded the July 2026 document as received in an effort to potentially settle the case or, at a minimum, resolve a discovery dispute. Czar's outside counsel did this quickly as requested by

Plaintiff's counsel and did not understand the inauthenticity of the July 2026 document. As noted above, and to substantiate this, Czar's outside counsel offers to submit for *in camera* inspection the email from the Czar employee attaching the July 2026 document.

***C. Sanctions are not warranted against Defendants' counsel.***

Sanctions should also not be imposed on Defendants' counsel, Ashley Gomez-Rodon, as she also did not engage in bad faith conduct. Rather, Defendants' counsel has been diligent in resolving this issue. As explained at the hearing on August 24, Defendants' counsel never saw the July 2026 document until it was produced to Plaintiff's counsel by Czar's outside counsel. Defendants' counsel did not create, manipulate, or otherwise alter the July 2026 document as she saw it for the first time when it was produced. Defendants' counsel never filed, relied upon, or used the July 2026 document. Also as explained at the hearing, the July 2026 document is not relevant for Defendants' basis for summary judgment, which was filed 2 months prior.

Upon realizing the issues associated with this document, Defendants' counsel investigated how the document came to be. She insisted a new search be done immediately, and then separately also in her presence via Teams to ensure any new search would meet the requirements for authentication under the Federal Rules. A similar search can still be run that shows the total number of calls from Czar to Plaintiff's phone number ending in 0808 for the requested time period. As

mentioned above, Czar has provided those records contemporaneously with this response.

## CONCLUSION

For the foregoing reasons, Defendant Czar Marketing Group, LLC and its counsel respectfully request that the Court discharge the Order to Show Cause and decline to impose any sanctions beyond an award of Plaintiff's reasonable attorney's fees and expenses incurred in challenging the July 2026 document and obtaining sufficient CRM search records. While the circumstances surrounding the July 2026 document were regrettable and caused unnecessary expense, the record does not support a finding of bad faith by Czar, its outside counsel, or Defendants' counsel.

WHEREFORE, Defendant Czar Marketing Group, LLC respectfully requests that the Court award Plaintiff his reasonable expenses and attorney's fees related to challenging the July 2026 document and obtaining sufficient CRM search records, deny any additional sanctions against Defendant Czar, outside counsel, or Defendants' counsel, and grant such other and further relief as the Court deems just and proper.

Date: August 31, 2026

Respectfully submitted,

**COZEN O'CONNOR**
Southeast Financial Center
200 South Biscayne Blvd., Suite 3000

Miami, Florida 33131
Tel: (305) 358-2966
Fax: (305) 704-5955

*/s/ Ashley Gomez-Rodon*
Ashley Gomez Rodon
Florida Bar No. 1010237
Agomez-rodon@cozen.com
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 31, 2026, I electronically filed the foregoing document with the Clerk of Court CM/ECF, and it is being served on all counsel of record identified on the attached Service List in the manner specified.

*/s/Ashley Gomez-Rodon*
Ashley Gomez Rodon

**SERVICE LIST**

**VIA CM/ECF:**
Christopher Gold, Esq.
Gold Law, PA
350 Lincoln Rd., 2nd Floor
Miami Beach, FL 33139 305-900-4653
Email: chris@chrisgoldlaw.com
*Attorney for Plaintiff and*
*the Proposed Class*