**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| DUSTIN GRAMPS, individually and on Behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CZAR MARKETING GROUP, LLC, VACATION RESORTS CONSULTANTS, LLC d/b/a ANY 3 NIGHTS, AND SPINNAKER RESORTS, INC.,<br><br>Defendants. | Case No.: 5:25-CV-00373-CEM-PRL<br><br>Judge Carlos E. Mendoza<br><br>Magistrate Judge Philip R. Lammens |

**DEFENDANT CZAR MARKETING GROUP, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S SUBMISSION OF REASONABLE EXPENSES AND FEES**

Defendant Czar Marketing Group, LLC ("Czar"), pursuant to the Court's Order of August 24, 2026 [ECF No. 65], respectfully submits this response in opposition to the amount of expenses and fees identified in the Declaration of Christopher Gold [ECF No. 69-1] and its supporting Exhibit 1. Defendants do not concede, and expressly preserve, their objection to the entitlement determination underlying the Order; this response addresses amount only, without waiver of that objection. For the reasons below, should the Court impose sanctions, the Court should substantially reduce the amount sought.

## I. LEGAL STANDARD

A response to a fee submission of this kind must detail the basis for each objection, including identification by day and timekeeper of any unreasonable claim. M.D. Fla. L.R. 7.01(d). Correspondingly, the party seeking fees bears the burden of submitting evidence showing that the requested rate reflects the prevailing market rate in the division for similar work by an attorney of comparable skill, experience, and reputation. M.D. Fla. L.R. 7.01(c)(4)(F); *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

The standard remains the lodestar: reasonable hours reasonably expended, multiplied by a reasonable hourly rate. *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). Satisfactory evidence of the prevailing rate "necessarily must speak to rates actually billed and paid in similar lawsuits," and necessarily includes "more than the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299. The fee applicant must also exercise billing judgment, excluding hours that are excessive, redundant, duplicative, or otherwise unnecessary; a court is not required to engage in an hour-by-hour analysis where, as here, the billing records themselves supply an adequate basis for across-the-board reduction. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999); *Loranger v. Stierheim*, 10 F.3d 776, 781-82 (11th Cir. 1994).

Applying that standard, the submission before the Court is deficient in four respects: (a) it exceeds the scope of the Court's August 24 Order; (b) it fails to carry Plaintiff's burden on the reasonableness of the $500.00 hourly rate; (c) it includes

hours that are duplicative, vague, and improperly billed at attorney rates for non-legal, technical work; and (d) the travel time and expenses claimed warrant further reduction.

## II. THE SUBMISSION EXCEEDS THE SCOPE OF THE COURT'S AUGUST 24th ORDER

The Court's Order authorizes recovery only of fees "related to challenging the July production and [Plaintiff's] ongoing efforts to obtain the CRM search records to which he is entitled." ECF No. 65 ¶ 1. It does not authorize recovery of fees for the litigation generally. Several entries in Exhibit "1" exceed that boundary:

- Category C (Renewed Motion to Compel and supporting declaration) bills preparation of an "Appendix A tabulating the disputed discovery requests and Defendants' responses across three Defendants" — work addressed to the discovery dispute broadly, not specifically to the July 16th production or the CRM search records. This accounts for 0.8 hours. Further, the July 28, 2026 entry includes "clerical compilation, slip-sheet preparation, Bates work, and PDF flattening excluded as non-compensable." This work should not be billed as attorney hours.

- Category G's review of Defendants' Response to the Order to Show Cause (DE 67) is compliance monitoring of a separate, self-contained filing rather than an effort to "obtain" CRM records, and falls outside the Order's authorization.

Each hour outside that scope should be excluded before any lodestar calculation is performed. The Order authorizes recovery only of fees related to

challenging the July production and [Plaintiff's] ongoing efforts to obtain the CRM search records to which he is entitled; the entries above exceed that scope.

## III. PLAINTIFF HAS NOT MET HIS BURDEN ON THE REASONABLENESS OF THE $500.00 RATE

The only evidence offered in support of the $500.00 hourly rate is Mr. Gold's own recitation of his experience and his own belief that the rate reflects the prevailing market. Gold Decl. ¶ 10. Under *Norman*, that is not "satisfactory evidence" of the prevailing rate; the applicant must ordinarily come forward with something more such as evidence of rates actually billed and paid in comparable matters, or a declaration from an independent practitioner in the relevant market. *Norman*, 836 F.2d at 1299. Mr. Gold's declaration supplies neither.

The relevant market here is the Ocala Division, not the national or even statewide plaintiff's-bar market for TCPA/FTSA work. *See* M.D. Fla. L.R. 7.01(c)(4)(F) (rate must reflect "the prevailing market rate in the division in which the action is filed"). Plaintiff has not met his burden of demonstrating that $500 per hour is the prevailing rate in the Ocala Division for comparable TCPA or FTSA services performed by counsel of comparable skill, experience, and reputation. *See* M.D. Fla. R. 7.01(c)(4)(F); *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299–1303 (11th Cir. 1988); *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Although one recent Ocala order declined to reduce a $500 rate in an uncontested § 1981 default matter, the court did not undertake a developed analysis establishing $500 as the generally prevailing Ocala rate for specialized

consumer litigation. *See Pinckney v. Southeast Hotels LLC*, No. 5:24-cv-349-JSM-PRL, Doc. 25, at 5–6 (M.D. Fla. Apr. 9, 2025). By contrast, in complex consumer-protection litigation brought by the Federal Trade Commission, an Orlando Division court reduced an unsupported $500 rate to $450 and approved rates of $400 for a partner and $290 and $235 for associates. *See FTC v. MOBE Ltd.*, No. 6:18-cv-862-Orl-37DCI, Doc. 274, at 17–26 (M.D. Fla. Sept. 2020) (report and recommendation). The Eleventh Circuit has also rejected substituting a national specialty-practice market for the local market absent evidence establishing that competent local counsel were unavailable. *Sos v. State Farm Mut. Auto. Ins. Co.*, No. 21-11769, 2023 WL 5608014, at *21-22 (11th Cir. 2023). On this record, Plaintiff's own declaration and asserted billing rate do not establish that $500 is the prevailing Ocala rate. On the present record, the Court should decline to adopt the requested $500.00 rate and should instead set a rate supported by the record and the Court's own familiarity with the local market, consistent with *Loranger*, 10 F.3d at 781.

## IV. THE HOURS CLAIMED ARE DUPLICATIVE, VAGUE, AND IMPROPERLY BILLED AT ATTORNEY RATES

### A. *Technical Forensic Work Billed as Legal Services*

The entries for July 16-17, 2026, and again for July 27-28, 2026, bill several hours for document-dictionary extraction, pixel-level and connected-component image comparison, glyph-level typographic analysis, and ink-luminance analysis — a battery of technical, examiner-type work product, not legal analysis. Mr. Gold does not represent that he holds any forensic-examiner qualification, and no

expert was retained or disclosed. Billing this work at a full $500.00 attorney rate is not reasonable billing judgment. See *Norman*, 836 F.2d at 1301 (non-legal work should not be billed at attorney rates). At minimum, these entries should be reduced to a paralegal-equivalent rate or excluded outright as work a litigant would ordinarily need to substantiate through a disclosed and qualified expert rather than through counsel's own say-so.

**B. *Block-Billed and Vague Entries***

Numerous entries combine multiple, analytically distinct tasks under a single undifferentiated time block spanning two calendar days (e.g., 07/27-28, 07/23-24, 08/20-21, 08/31-09/01), making it impossible to test the reasonableness of any individual task within the block. Because Plaintiff bears the burden of documenting hours with sufficient specificity, entries that cannot be evaluated task-by-task should be reduced by an across-the-board percentage rather than credited in full. See *Barnes*, 168 F.3d at 428; *Loranger*, 10 F.3d at 782.

**C. *Duplication Across Categories***

The itemized statement separates counsel's work into categories, but the descriptions reveal repeated billing for reviewing and presenting the same underlying forensic analysis, deposition testimony, and CRM-search issues. Counsel billed "Category A" for performing and documenting the forensic comparison and preparing demonstrative exhibits. He then billed "Category C" for documenting those findings again in the renewed motion, "Category F" for preparing a new "briefing package" addressing the same July 16 production and

CRM issues, and "Category F" again for reviewing the same forensic comparison immediately before the hearing.

Counsel similarly billed "Category E" for reviewing deposition testimony concerning the CRM system and migration, followed four days later by another "Category F" entry expressly including review of that deposition testimony. Because the block-billed descriptions do not permit the Court to segregate new work from repeated review and repackaging, a conservative 3.0-hour reduction is appropriate. At the requested rate, that results in an exclusion of $1,500. Alternatively, if Plaintiff cannot identify the distinct work product encompassed by the 3.0-hour "hearing briefing package" entry, the Court should exclude that entry in full, resulting in a 4.5-hour, $2,250 reduction.

## V. <u>THE TRAVEL TIME AND EXPENSES CLAIMED SHOULD BE FURTHER REDUCED</u>

Plaintiff claims 6.2 hours of travel time at $250.00 per hour, plus 1.0 hour of hearing attendance, notwithstanding that Mr. Gold litigates from outside the district and traveled by plane and rail to appear and return to Miami. *See* Gold Decl. ¶¶ 16-19. Courts in this district have recognized that a party is free to select the counsel of its choice, but where it seeks to shift the cost of that choice to its adversary, it is entitled only to reimbursement of reasonable costs — and have disallowed or discounted travel time for counsel who could have been served, or supplemented, by qualified counsel within the district. *Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l*, No. 6:08-cv-1182-Orl-22DAB, 2010 WL

98991, at *5 (M.D. Fla. Jan. 6, 2010). The Court should apply the same principle here and further reduce or disallow the travel time and associated ground-transportation and rail expenses claimed in Category H and the accompanying expense schedule.

## VI. CONCLUSION

For the foregoing reasons, Defendant Czar Marketing Group, LLC respectfully requests that in the event the Court imposes sanctions that the Court substantially reduce the amount sought in Plaintiff's submission. Plaintiff has failed to carry his burden of establishing that $500 per hour is the prevailing market rate in the Ocala Division. Consistent with the Court's discretion under *Norman* and the rates approved in comparable Middle District matters, the Court should apply an hourly rate of no more than $400, exclude the entries identified above as outside the scope of the August 24 Order, and reduce the duplicated and inadequately documented hours. Applying those reductions yields a fee-and-expense award not exceeding $17,523.48. Should the Court further eliminate travel time and travel expenses, the fee-and-expense award shall not exceed $15,380.00.

Date: September 18, 2026

Respectfully submitted,

**COZEN O'CONNOR**
Southeast Financial Center
200 South Biscayne Blvd., Suite 3000
Miami, Florida 33131
Tel: (305) 358-2966
Fax: (305) 704-5955

*/s/ Ashley Gomez-Rodon*
Ashley Gomez Rodon
Florida Bar No. 1010237
Agomez-rodon@cozen.com
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 18, 2026, I electronically filed the foregoing document with the Clerk of Court CM/ECF, and it is being served on all counsel of record identified on the attached Service List in the manner specified.

*/s/Ashley Gomez-Rodon*
Ashley Gomez Rodon

**SERVICE LIST**

**VIA CM/ECF:**
Christopher Gold, Esq.
Gold Law, PA
350 Lincoln Rd., 2nd Floor
Miami Beach, FL 33139 305-900-4653
Email: chris@chrisgoldlaw.com
*Attorney for Plaintiff and*
*the Proposed Class*